Defendant-appellant, Ralph Willingham, appeals his conviction for passing a bad check in violation of R.C. 2913.11. The indictment alleged that on or about April 15, 1996, appellant passed a bad check in the amount of $331.97, a third degree felony due to appellant's two prior theft convictions. Appellant pleaded guilty to the charge on October 21, 1997, and was sentenced to two years in prison.
In a single assignment of error, appellant claims he should have been sentenced under Ohio sentencing laws as amended by Am.Sub.S.B. No. 2 ("Senate Bill 2"), effective July 1, 1996.[1]
Appellant argues he is entitled to the benefit of Senate Bill 2 because he was not sentenced for his offense until after the effective date of Senate Bill 2. In State v. Cox (Apr. 28, 1997), Warren App. No. CA96-07-069, unreported, this court held that individuals sentenced after Senate Bill 2's July 1, 1996 effective date for criminal offenses committed before July 1 are not entitled to be sentenced pursuant to Senate Bill 2.
Furthermore, this court, in another case, recently rejected the same argument offered by appellant; namely, that Section15(D), Article II of the Ohio Constitution and R.C. 1.58(B) require the application of Senate Bill 2 to those individuals sentenced after July 1, 1996 for crimes committed before that date. See State v. Hedgecock (May 11, 1998), Fayette App. No. CA97-08-022, unreported. Rather, Senate Bill 2 reflects a clear intent on the part of the legislature to apply the bill's new sentencing provisions only to those offenses committed after the bill's July 1, 1996 effective date. Id. at 4, citing State v. Cox.
We accordingly find no merit to appellant's argument and, on the basis of our decisions in Hedgecock and Cox, overrule the assignment of error.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.
[1] Under Senate Bill 2, a violation of R.C. 2913.11 would, constitute a first degree misdemeanor subject to not more than six months in prison.